**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

LARRY C. CANNON,                :

    Plaintiff,                :
vs.                                                        CA 05-0714-BH-C
                                           :
JO ANNE B. BARNHART,
Commissioner of Social Security, :

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. This action has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] it is determined that the decision to deny benefits should be reversed and remanded for further proceedings not inconsistent with this decision.

---

[1] Oral argument in this case (*see* Doc. 12 (setting oral argument in Selma, Alabama on June 22, 2006)) was cancelled, *sua sponte*, by the undersigned (Doc. 13).

Plaintiff alleges disability due to organic affective disorder status-post gunshot wound to the face, a personality disorder, and mild mental retardation. The Administrative Law Judge (ALJ) made the following pertinent findings:

> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).
>
> 7. The claimant retains the residual functional capacity to perform the exertional demands of medium work. His pain is less than moderately severe. He has a full-scale IQ score of 77 and a memory quotient of 61. He cannot perform complex or detailed jobs.
>
> 8. The claimant's past relevant work as a chicken and fish plant cleanup worker and stock clerk did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR §§ 404.1565 and 416.965).
>
> 9. The claimant's medically determinable organic affective disorder status post gunshot wound to the face with facial fractures and ORIF, and borderline intellectual functioning do not prevent him from performing his past relevant work.

> 10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(e) and 416.920(e)).

(Tr. 212) The Appeals Council affirmed the ALJ's decision (Tr. 180-182) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen,* 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that Cannon

3

can perform his past relevant work as a stock clerk and a cleanup worker in a chicken and fish plant, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

The plaintiff contends in this case that the ALJ committed the following errors: (1) his finding regarding intellectual functioning is not supported by substantial evidence; (2) he erred in failing to develop the record with respect to whether Listings 12.05C and 12.02 are met or equaled; and (3) he erred in failing to find the proper onset date for plaintiff's claim to be December 15, 2000. (Doc. 11, at 3)

Because the undersigned finds the ALJ's analysis under Listing 12.05C lacking, it is recommended that this case be remanded for further proceedings not inconsistent with this decision. *See Pendley v. Heckler*, 767 F.2d 1561,

---

[2]   This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that Cannon must bear the burden of proving that he has an impairment which meets or is medically equivalent to a listed impairment. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) ("We hold that when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation 404.1520(d), he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency."); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) ("To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. . . . To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'"). To establish presumptive disability under § 12.05C, a claimant must present evidence of "[a] valid verbal, performance, or full scale IQ of 60

through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function."

In this case, the ALJ's 12.05C's analysis consists of the following: "He does not meet or equal the criteria of Section 12.05C . . . . **Although the claimant's IQ scores have been within this range, there is no medical evidence of any other physical or mental impairment which would impose additional and significant work-related limitation of functioning**." (Tr. 207 (emphasis supplied)) The undersigned finds that the ALJ's recognition that Cannon's IQ scores have fallen within the range of 60 to 70 is his tacit acceptance of Dr. Charles Houston's April 27, 2004 evaluation results (*see* Tr. 376-379) inasmuch as nowhere in his decision does the ALJ reject any portion of Dr. Houston's report (*compare id. with* Tr. 200-213).[3] Furthermore, by the ALJ's own admission and finding, plaintiff has achieved valid IQ scores within the 12.05C range. (Tr. 207) Therefore, based upon the contents of the administrative decision that is before the Court for review, the only remaining question for 12.05C purposes is whether Cannon has a physical or other mental impairment imposing additional and significant work-related limitation of

---

[3] It is impossible for this Court to "square" the ALJ's ultimate determination that plaintiff's intellectual functioning is borderline with his admission that claimant's IQ scores have fallen within 12.05C's range. The confusion in this regard is of the ALJ's own making thereby requiring remand of the case.

function.

"An impairment imposes significant limitations when its effect on a claimant's ability to perform 'basic work activities' is more than slight or minimal." *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). Therefore, "significant" involves something more than "minimal" but less than "severe" within the meaning of 20 C.F.R. § 404.1520(c). *Id.*; *see also Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citing *Edwards by Edwards* with approval in concluding that the combined impact of the claimant's allergies and mild carpal tunnel syndrome imposed more than a slight or minimal, even though less than a severe, limitation on her functional abilities). Accordingly, a severe physical or mental impairment would satisfy the second prong of 12.05(C), as, by definition, a severe impairment "significantly limits [an individual's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c).

In this case, the ALJ determined that one of Cannon's severe impairments is "organic affective disorder status post gunshot would to the face with facial fractures and ORIF[.]" (Tr. 206) Given this finding by the ALJ, he could not later consistently determine that "there is no medical evidence of any other physical or mental impairment which would impose

7

additional and significant work-related limitation of function." (Tr. 207)[4] This internal inconsistency, as well as the inconsistency between the ALJ's ultimate finding that Cannon has borderline intellectual functioning and his finding that plaintiff's IQ scores have fallen within the range set forth in 12.05C, necessitates that this cause be remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.[5]

## **CONCLUSION**

The Magistrate Judge recommends that the decision of the

---

[4] In addition, Dr. Houston found that plaintiff suffers from a personality disorder, in addition to mild mental retardation (Tr. 378), both of which result in limitations of function (*compare id. with* Tr. 380-381). Presumably, the ALJ accepted Dr. Houston's diagnosis in this regard, as nowhere does he reject the diagnosis, yet it is unclear from his discussion just what he thought about this diagnosis. On remand, the ALJ will have every opportunity to discuss Dr. Houston's report and diagnoses.

[5] This case represents a situation in which the ALJ failed to fully and fairly develop the record regarding the true nature of plaintiff's intellectual functioning. Instead of sending plaintiff to a psychologist or psychiatrist for testing to rule out malingering, as suggested by Dr. Brent Willis (Tr. 349 ("Due to his inconsistent testing in the past, I would strongly recommend more psychological testing in terms of personality, intelligence and memory. This should be conducted in order to gain a thorough and more recent evaluation of Mr. Cannon's motivation and current abilities. **I would also suggest some measures designed to detect malingering such as the Test of Memory Malingering (TOMM) or the Structured Interview of Reported Symptoms (SIRS)**.")), the ALJ chose to rely upon Dr. Willis' conclusion that the test results were not a valid indicator of Cannon's current level of functioning and Dr. Houston's inability to state that all malingering was ruled out--though Houston did not administer the malingering tests cited by Willis--to definitively find that plaintiff was malingering and must retain the full scale IQ score found by Dr. John Goff in 1993, some eight years prior to his alleged onset date of disability relied upon in the instant case (*see* Tr. 201 ("He alleged that he became disabled on September 28, 1993 and December 15, 2000, but at the hearing amended the alleged onset date to November 28, 2001 . . . .")). This was error.

Commissioner of Social Security denying plaintiff disability insurance benefits and supplemental security income be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 18th day of September, 2006.

> s/WILLIAM E. CASSADY
> **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE