# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

LARRY C. CANNON,         :

      Plaintiff,          :

vs.                       :       CA 05-0714-BH-C

LINDA S. MCMAHON,        :
Acting Commissioner of Social
Security,[1]                    :

      Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 19) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $1,800.00 under the EAJA for legal services rendered in this Court.

## FINDINGS OF FACT

---

[1]      Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, McMahon is substituted for Jo Anne B. Barnhart as the proper defendant in this case.

1.      On October 18, 2006, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings.  (Doc. 18; *see also* Doc. 17)

2.      The application for attorney's fees under the EAJA was filed on December 27, 2006, some seventy (70) days after the entry of final judgment. (*Compare* Doc. 19 *with* Doc. 18) In the application, plaintiff requested attorney's fees in the amount of $2,275.20 to compensate his attorney for the time spent representing him before this Court as of the date of the filing of the fee application.  (*See id.*) The amount represented a requested  hourly rate of $158.00 for the 14.4 hours of legal work performed. (*Id.*)

3.      The Commissioner of Social Security filed a response to plaintiff's EAJA application on January 25, 2007.  (*See* Doc. 21)

> In his application, Plaintiff requests an award of attorney fees for 14.40 hours at an hourly rate of $158.00. After reviewing Plaintiff's application, the Commissioner did not dispute the issues of prevailing party status, timeliness, nor in general the number of hours requested for compensation. Defendant did object to the hourly rate requested as it exceeded both the EAJA cap and the local prevailing rate of $125, which is the amount of the statutory cap. Consequently, the undersigned contacted Plaintiff's counsel and received express permission to inform the Court that Plaintiff and Defendant agree Plaintiff's application should be awarded for an amount not to exceed the number of hours requested at the amended hourly rate of

2

$125.00.

WHEREFORE, Defendant respectfully asks the Court to award Plaintiff no more than $1,800.00 (14.40 hours at $125.00 per hour).

(*Id*. at 1-2)

## **CONCLUSIONS OF LAW**

1.      The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  It is imminently clear in this case that plaintiff is a prevailing party under the EAJA[2] and that the position of the United States in this case was not substantially justified, the defendant having conceded as much.

2.      The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).  The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of October 18, 2006 became final,

---

[2]      "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v.Schaefer*, 509 U.S. 292, 302, 113 S.Ct.2625, 2632, 125 L.Ed.2d 239 (1993).

which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, December 17, 2006.  The application filed in this case, bearing a date of December 27, 2006, is timely since it was filed within thirty days of December 17, 2006.

3.    The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler,* 765 F.2d 1562, 1586 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

This calculation provides an objective basis on which to make an initial estimate of the value of

4

a lawyer's services.  The party seeking an award
of fees should submit evidence supporting the
hours worked and the rates claimed.  Where the
documentation of hours is inadequate, the district
court may reduce the award accordingly.  The
district court also should exclude from this initial
fee calculation hours that were not "reasonably
expended." . . . Cases may be overstaffed, and the
skill and experience of lawyers vary widely.
Counsel for the prevailing party should make a
good-faith effort to exclude from a fee request
hours that are excessive, redundant, or otherwise
unnecessary, just as a lawyer in private practice
ethically is obligated to exclude such hours from
his fee submission.  "In the private sector, 'billing
judgment' is an important component in fee
setting.  It is no less important here.  Hours that
are not properly billed to one's *client* also are not
properly billed to one's *adversary* pursuant to
statutory authority."

*Hensley, supra,* 461 U.S. at 434, 103 S.Ct. at 1939-1940 (citations omitted);

*see also id.,* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden

of establishing entitlement to an award and documenting the appropriate hours

expended and hourly rates");  *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428

(11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are

obligated to do it for them, to cut the amount of hours for which payment is

sought, pruning out those that are 'excessive, redundant, or otherwise

unnecessary.'  Courts are not authorized to be generous with the money of

others, and it is as much the duty of courts to see that excessive fees and

5

expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis").

4.      In *Norman, supra,* the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

5.      Because the defendant interposes no objection to the number of hours for which plaintiff seeks reimbursement, the Court find that plaintiff's counsel reasonably spent 14.4 hours on legal tasks in this case.

6.      With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for

> the kind and quality of the services furnished,
> except that . . . attorney fees shall not be awarded
> in excess of $125.00 per hour unless the court
> determines that an increase in the cost of living or
> a special factor, such as the limited availability of
> qualified attorneys for the proceedings involved,
> justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

7.     In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine
> the market rate for "similar services [provided] by
> lawyers of reasonably comparable skills,
> experience, and reputation." . . . The second step,
> which is needed only if the market rate is greater
> than $[125] per hour, is to determine whether the
> court should adjust the hourly fee upward from
> $[125] to take into account an increase in the cost
> of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

8.     The prevailing market rate in the Southern District of Alabama has been raised to $125.00 per hour.  *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, CA 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L.  Because the market rate is not greater than the statutory rate of

$125.00 per hour, the Court need not reach the second step set out in the *Meyer* case.  As indicated above, the parties are in agreement that the statutory rate of $125.00 is to be employed in this case. (Doc. 21)

9.      In consideration of the foregoing, the undersigned recommends that plaintiff be awarded an attorney's fee in the amount of $1,800.00 under the EAJA for the 14.4 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

## CONCLUSION

The Magistrate Judge recommends that plaintiff be awarded attorney's fees in the amount of $1,800.00 under the Equal Access to Justice Act, representing compensation for 14.4 hours of service by Cheryl D. Chapman, Esquire, at the market rate of $125.00 an hour.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 29th day of January, 2007.

s/WILLIAM E. CASSADY
 **UNITED STATES MAGISTRATE JUDGE**

8

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.        *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.        *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

9